# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THOMAS SARLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| WINDHAM PROFESSIONALS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

THOMAS SARLES (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against WINDHAM PROFESSIONALS, INC., (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant maintains an office and conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

PLAINTIFF'S COMPLAINT     1

## PARTIES

7. Plaintiff is a natural person residing in Smithfield, Isle of Wight County, Virginia.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a New Hampshire Corporation with an office in Bloomingdale, Dupage County, Illinois.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of an alleged debt.

13. Defendant calls Plaintiff on his cell phone at (757) 719-1625.

14. Defendant calls Plaintiff from a number appearing as "Unavailable" on Plaintiff's caller ID.

15. Defendant called Plaintiff's parents and left a voicemail message stating that the call is in an attempt to collect a debt from Plaintiff.

16. Defendant has called Plaintiff's parents twice.

17. On August 14, 2009, Defendant's collector demanded that Plaintiff pay $6,000.00 by August 17, 2009.

18. On the same call on August 14, 2009, Defendant's collector dictated Plaintiff's credit cards to him on the phone, asked whether he owned his home or car and suggested he ask his parents and grandparents for money.

19. Again on the same call on August 14, 2009, Defendant's manager suggested that Plaintiff use credit available on his credit cards to make a payment.

20. On the same call on August 14, 2009, when Plaintiff stated he would be unable to follow through with Defendant's demands Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the $6,000.00 by 3:00 p.m. on August 17, 2009.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's parents and failing to identify himself or state that he is confirming or correcting location information concerning the Plaintiff.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's parents and stating that Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's parents more than once when they were not requested to do so and without reasonable belief that the earlier response was erroneous or incomplete.

    d. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's parents in connection with the collection of a debt.

    e. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

    f. Defendant violated *§1692d(2)* of the FDCPA when Defendant dictated Plaintiff's credit cards to him on the phone, asked whether he owned his home or car and suggested he ask his parents and grandparents for money since such language was

intended to abuse the Plaintiff.

    g. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages if he did not make a $6,000.00 three days later.

    h. Defendant violated *§1692e(10)* of the FDCPA when Defendant's collector dictated Plaintiff's credit cards to him on the phone, asked whether he owned his home or car and suggested he ask his parents and grandparents for money.

    i. Defendant violated *§1692e(10)* of the FDCPA when Defendant's manager suggested that Plaintiff use credit available on his credit cards to make a payment.

    j. Defendant violated *§1692e(10)* of the FDCPA by threatening to garnish Plaintiff's wages if Plaintiff did not pay the $6,000.00 three days later, 3:00 p.m. on August 17, 2009.

22. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, THOMAS SARLES, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, INC., for the following:

23. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Actual damages,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: /s/ Adam J. Krohn
Adam J. Krohn
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, IL 60602
(312) 578-9428

Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison Street, 10th Floor
Chicago, IL 60602

Attorneys for Plaintiff


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, THOMAS SARLES, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VIRGINIA

Plaintiff, THOMAS SARLES, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, THOMAS SARLES, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9/16/09
Date

Thomas D Sarles
THOMAS SARLES